DOMENGEAUX, Judge,
This case arose out of the dismissal of Kenneth L. Myers (a municipal employee of the City of Opelousas) by joint order of the Opelousas Municipal Civil Service Commission (hereinafter the Commission) and the Mayor of Opelousas. Myers was dismissed for violating a regulation which requires that municipal employees live within the city limits. Myers appealed his dismissal to the Commission, and, the dismissal being affirmed after a full hearing, then took this appeal pursuant to the authority of the Louisiana Constitution of 1974, Article X, Section 12, which requires direct appeal from the Commission to the Court of Appeal. We affirm.
Kenneth Myers was classified by the City of Opelousas since 1964 as a power plant operator. Mr. Myers resided with his father within the city limits. Then, in April of 1974, he purchased some unimproved property about three miles outside of the city limits. At the time he was aware of the residency requirement and began to make inquiries with the Mayor and various city councilmen about the possibility of having the rule changed or suspended. According to Myers, he was assured that he would not be dismissed, however this was denied by all parties involved. Nevertheless, he moved onto his property early in 1975. (He had moved a house on the premises and renovated it for purposes of living in it.) He was subsequently dismissed after the Attorney General issued an opinion on August 28, 1975, (Opinion 75-1024) that the residency rule was valid. The dismissal was dated December 28, 1976, to take effect January 1, 1977. The Commission hearing was held February 16, 1977, and the decision was rendered March 4, 1977.
The Municipal Civil Service Commissions for smaller towns were established by public referendums pursuant to the Louisiana Constitution of 1921, Article XIV, Section 15, and were retained by the Louisiana Constitution of 1974 in Article X, Section 15. The power of the Commissions to make regulations having the force of law was also retained by the new Constitution.
A completely separate system called the Fire and Police Civil Service Commission *1336 was also created by the 1921 Constitution, Article XIV, Section 15.1, and retained by the 1974 Constitution, Article X, Section 16, with powers to make regulations having the force of law.
Mr. Myers argues that he has been denied the equal protection of the law under the Fourteenth Amendment of the United States Constitution and the Louisiana Constitution’s Bill of Rights, Article I, Section 3. He does not disagree with the Attorney General that the residency requirement has a “rational basis” and is thus valid. His main contention is that because firemen and policemen are not required to live within the city limits, the city has framed an irrational classification and has thusly discriminated against him. In a nutshell, he argues that some municipal employees receive unfair preferential treatment.
We find that neither the state nor the City of Opelousas has made an irrational classification. In the recent U.S. Supreme Court case Massachusetts Board of Retirement v. Murgia, 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976), the Court said:
“This Court’s decisions give no support to the proposition that a right of governmental employment per se is fundamental. See San Antonio Independent School District v. Rodriguez, supra [411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16]; Lindsey v. Normet, 405 U.S. 56, 73, 92 S.Ct. 862, 874, 31 L.Ed.2d 36 (1972); Dandridge v. Williams, supra, 397 U.S. [471] at 485, 90 S.Ct. [1153] at 1162 [25 L.Ed.2d 491]. Accordingly, we have expressly stated that a standard less than strict scrutiny ‘has consistently been applied to state legislation restricting the availability of employment opportunities.’ Ibid.

We turn then to examine this state classification under the rational basis standard. This inquiry employs a relatively relaxed standard reflecting the Court’s awareness that the drawing of lines that create distinctions is peculiarly a legislative task and an unavoidable one. Perfection in making the necessary classifications is neither possible nor necessary. Dandridge v. Williams, supra, 397 U.S., at 485, 90 S.Ct., at 1162. Such action by a legislature is presumed to be valid.”
Earlier the U.S. Sixth Circuit Court of Appeal wrestled with a factually and legally similar case in Wardwell v. Board of Education of City School District, Cincinnati, 529 F.2d 625 (6th Cir. 1976). In that case a group of teachers who were longtime employees were exempted from a new rule requiring newly hired teachers to live within the city limits. The court then recognized the possibility of discrimination, but said:
“While we recognize that the limited applicability of the rule may be its most questionable feature, we do not believe that the residency requirement must fail because it does not apply to all teachers employed by the Cincinnati schools. The Supreme Court has pointed out that there is no constitutional requirement that regulations must cover every class to which they might be applied, see United States v. Carolene Products Co., 304 U.S. 144, 151, 58 S.Ct. 778, 82 L.Ed. 1234 (1938). It has further stated that ‘if the classification has some reasonable basis, it does not offend the constitution simply because the classification “is not made with mathematical nicety or because in practice it results in some inequality.” ’ Dandridge v. Williams, 397 U.S. 471, 485, 90 S.Ct. 1153, 1161, 25 L.Ed.2d 491 (1970). Affirmed.”
Defendant Myers also argues that there was an inordinate delay by the City in bringing the dismissal proceedings against him, and therefore the City is estopped from dismissing him under the doctrine of laches. The equitable doctrine of laches is applicable to Municipal Civil Service Commission cases. See Barnett v. Develle, 289 So.2d 129 (La.1974). The doctrine is based on the injustice that might result from the enforcement of long neglected rights.
In the instant case we do not feel that the lapse between Myers’ residential change and his ultimate dismissal was an inordinate or prejudicial delay. During *1337 that time the Commission was investigating his case, seeking advice from the Attorney General to prevent making a possibly imprudent decision, and considering a change in the rule. Various and copious correspondence between the Mayor and the Commission resulted, which caused the delay in the final termination of employment. However, this delay did not indicate a neglect on the Commission’s rights to fire Myers, but a careful and cautious exercise of them in order to protect Myers’ constitutional rights. Therefore we do not find this delay a bar to the City’s action.
For the above and foregoing reasons the holding of the Municipal Civil Service Commission of the City of Opelousas is affirmed, and costs are assessed against defendant-appellant.

AFFIRMED.