WARD, Judge.
The City of New Orleans appeals a decision of the City Civil Service Commission which upheld the appeals of two police officers, Robert O’Brien and John Blanque, and set aside their suspensions with restoration of lost pay and benefits. The Commission’s ruling was not based upon the merits of the appeals. Rather, the ruling was issued after the City Attorney failed to appear for the hearing which previously had been continued six times over a period of one year, and the Commission stated that it was upholding the officers’ appeals because of the City Attorney’s failure to diligently prosecute the cases.
The Commission’s action is authorized by The City Civil Service Rules, Rule II, Section 4.12(a):
(a) If neither the appointing authority nor his counsel appears at the place and time fixed for a hearing in which a disciplinary action is at issue without having been granted a continuance, the Commission may order the disciplinary action reversed.
We construe this Rule as permitting the Commission to order a reversal if warranted by the circumstances. We have reviewed the Commission’s ruling pursuant to our “traditional plenary function of insuring procedural rectitude.” See, Walters v. Department of Police of New Orleans, 454 So.2d 106, 113 (La.1984).
The first of the incidents leading to the disciplinary actions occurred on February 27, 1984 when Officers O’Brien and Blan-que allegedly damaged a Regional Transit Authority bus in which they were being transported to a carnival parade. They were each suspended for 10 days beginning August 5, 1984, and each filed a timely appeal. In October of 1984, the officers’ attorney and the City Attorney became involved in a dispute over the officers’ rights to discovery of statements made during the police department investigation of the bus incident. In March 1985, writs were granted by this Court, ordering production of the statements, but that order did not end the dispute. The City Attorney notified counsel for the officers that the statements *1232 would not be produced because the City did not intend to use the statements at trial. Based upon this refusal, the officers filed a motion for reversal of the disciplinary actions. The Commission took the motion under advisement.
Meanwhile, on April 4, 1985, Officer O’Brien had been suspended for 120 days for unauthorized use of a police vehicle and for untruthfulness in explaining the incident to his superiors. O’Brien’s appeal from this suspension was consolidated with his pending appeal in the bus incident.
The hearing on the three appeals was first set on May 14,1985. The hearing was continued and reset a total of six times for a variety of reasons, including the problems of consolidating the appeals, the discovery dispute, and at least one time for each counsel’s failure to appear. Finally, on April 29, 1986, the Hearing Examiner continued the matter once again because neither party was ready to proceed. At that time, however, the Hearing Examiner stated for the record that the parties had agreed to a continuance provided that on the next hearing date they would proceed “regardless of what happens.”
On May 29, 1986, the next hearing date, the City Attorney notified the Hearing Examiner that he would be 15 to 20 minutes late for the 9:30 hearing. The officers’ counsel was present and ready to proceed. When the City Attorney still had not appeared at 10:45 the Hearing Examiner adjourned the hearing. The Commission then held a hearing after which it granted the officers’ motion to uphold the appeals and set aside the disciplinary actions. The City’s appeal to this Court followed.
Even under the high standard of review applicable to procedural matters, we cannot say the Commission’s ruling was improper. At the time the Commission ruled, nearly two and a half years had elapsed since the first of the incidents for which the disciplinary action was taken. The doctrine of laches may apply in civil service cases to prevent the injustice which might result from the difficulty in ascertaining the truth as to events which occurred in the relatively distant past. Municipal Civil Service Commission v. Myers, 348 So.2d 1334 (La.App. 3d Cir.1977); Barnett v. Develle, 289 So.2d 129 (La.1974). Moreover, the conduct of the City Attorney’s office was responsible for much of the delay in hearing these appeals. Under these circumstances, we cannot say that the Commission erred. Accordingly, we affirm its ruling.
AFFIRMED